## ASHENFELTER v STATE

Ohio Appeals, 3rd Dist., Logan Co.

No. 765.   Decided Aug. 1, 1928.

Lawrence Zupp, Belle Center, for Ashenfelter.

Elmer L Godwin, Bellefontaine, for State.

JUSTICE, J.

Of these in their order.

The hearing on the motion to return the property seized, and the trial of the major case on its merits, are independent proceedings. **23 App 137.**

There was no bill of exceptions taken or finding of facts made on the hearing of the motion to return the property. In their absence, a presumption arises that the trial court had before it sufficient evidence to sustain the order here complained of. **116 OS 118.** We therefore find and hold that this assignment of error is not tenable.

As to the second claimed error, that is, verdict not sustained by sufficient evidence.

Counsel and the accused are thoroughly acquainted with the facts in this case. We will, therefore, neither set forth nor comment on them. Suffice it to say a reading and re-reading of the record convince us that the evidence and the fact that the accussed did not testify are amply sufficient to sustain the verdict and the judgment entered thereon. This assignment of error, therefore, is not well taken.

Coming now to the third claimed error; that is, error in the charge. We quote from the charge.

"It is obviously essential to the satisfactory proof of an alibi that it should cover the whole of the time of the transaction in question or so much of it as to render it impossible that the defendant could have committed the act."

This was erroneous.

In Bystrom v State, decided August 11, 1927, this court held:

"It is not necessary that the evidence of the defendant should cover the whole of the time of the transaction in question, nor even enough of that time to make it impossible that he could have participated in the crime, to make it a satisfactory alibi for him. It becomes a satisfactory alibi if the evidence that he has introduced raises a reasonable doubt of his guilt. It is not necessary that it be made to appear that it was impossible for him to have been on the scene of the crime. If it is made to appear that it was merely improbable that he was there, and that this improbability was sufficient to raise a reasonable doubt, it certainly then became, in law, a satisfactory alibi."

In Stephens et al v. State of Ohio, reported in the Ohio Law Bulletin and Reporter under date of February 27th, 1928, the Court of Appeals of the Fourth District held:

"In prosecution for robbery, charge that proof of alibi should cover whole time of transaction in question, or so much thereof as would render it impossible for defendant to have committed act complained of, was not definition of term 'alibi', and was reversible error, since proof of alibi is satisfactory, if it only creates in jury reasonable doubt of guilt."

In Parrott v State, decided December 14, 1925, the Court of Appeals of the Sixth District held that a charge like the charge here, was erroneous and constituted reversible error.

It is true that, in the instant case, the trial court, on the proposition of proving an alibi, said:

"It is not required that the defendant prove this defense beyond a reasonable doubt, nor by a preponderance of evidence, to entitle him to an acquittal. It is sufficient if all the evidence raises a reasonable doubt of his presence at the time and place of the commission of the crime charged or, in other words, you must determine from the whole evidence, whether it has been shown, beyond the existence of a reasonable doubt, that the defendant committed the crime with which he is charged."

This was a proper and correct instruction, but the other instruction was clearly erroneous, and it is well settled law in this state that a court will not presume that the jury followed the correct rule to the exculsion of the incorrect rule. **101 OS 404.**

It occurs to us that further comment will serve no useful purpose. Clearly there is error in the charge, as pointed out in this opinion, which requires reversal of the judgment.

Before Judges Crow, Hughes & Justice.